UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CHARLES STANFILL, JR.,

    Plaintiff,

v.

COOKIE CREWS, *et al.*,

    Defendants.

Civil Action No. 5:25-335-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Charles Stanfill, Jr., is an inmate housed at the Kentucky State Penitentiary ("KSP") in Eddyville, Kentucky. Proceeding without counsel, Stanfill filed a civil rights complaint (R. 3) and a motion for leave to proceed *in forma pauperis* (R. 4). Having considered Stanfill's fee-related motion, the Court is satisfied that Stanfill lacks sufficient funds to pay the administrative and filing fees in full at this time. Accordingly, his motion for leave to proceed *in forma pauperis* will be granted.

Stanfill names the following defendants in his complaint: (1) Cookie Crews (Commissioner of the Kentucky Department of Corrections ("KDOC")); (2) Allyson Lambert (KDOC Ombudsman); (3) Warden Abigail Caudill (Warden of Northpoint Training Center ("NTC")); (4) Christina Coleman (NTC Transfer/ADA Coordinator); (5) Jann Henriksen (NTC Unit Administrator/Transfer Committee); (6) Sara Dillard (NTC Fiscal Manager); (7) Thomas Dickson (NTC Grievance Coordinator/Legal Librarian); (8) Tonya Mankin (D-6 CTO, Transfer Committee); and (9) Mrs. D. Knoth (KSP Mailroom Supervisor). Essentially, Stanfill alleges that

1

Defendant Dillard unlawfully retaliated against him by interfering with his receipt of Veterans Affairs benefits.  He further alleges that, after he filed a grievance against Dillard, she and other NTC employees retaliated by conspiring to transfer him to KSP despite knowing about his mobility problems, which are not adequately accommodated at KSP.  He seeks injunctive and monetary relief pursuant to the United States Constitution (vis-à-vis 42 U.S.C. §1983) and the Kentucky Constitution.

Stanfill reports that he previously filed the same claims in the Franklin Circuit Court, which remain pending.  *See Stanfill v. Crews, et al.*, 25-CI-00422 (Franklin Cir. Ct., filed Apr. 14, 2025).  Thus, he seeks to hold resolution of his federal complaint "in abeyance pending exhaustion of claims in state courts."  (R. 1) (citing, *inter alia, Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

Despite federal courts' "virtually unflagging obligation" to exercise their jurisdiction, "considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts."  *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (citing *Colorado River*, 424 at 817).  In determining whether abstention is appropriate, the Court must first consider whether the state and federal proceedings are parallel.  *See Romine*, 160 F.3d at 340.  Having examined Stanfill's complaints, the Court concludes that the state proceeding is not parallel to the instant action.  That is because, even though the parties and factual allegations are similar, Stanfill's state-court complaint does not assert claims under 42 U.S.C. § 1983.  *See Walker v. Louisville/Jefferson Cnty. Metro. Gov't*, 583 F.Supp.3d 887, 897 (W.D. Ky. 2022) (*citing Heitmanis v. Austin*, 899 F.2d 521, 528 (6th Cir. 1990) (observing that "[w]here the federal case raises issues that will not be resolved

by the state proceeding, the federal court should not abstain"). Accordingly, Stanfill's motion to hold this action in abeyance will be denied.

The Court must screen Stanfill's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Those provisions require the dismissal of any claims that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. *Id. See also McGore v. Wrigglesworth,* 114 F.3d 601, 607-08 (6th Cir. 1997). Stanfill's complaint is evaluated under a more lenient standard because he is not represented by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Stanfill's claims against Defendants Crews, Caudill, Dickson, Knoth, and Lambert must be dismissed for failure to state a claim upon which relief can be granted. First, Stanfill does not allege facts indicating that Crews had any direct involvement in the alleged deprivation of his constitutional rights. Rather, he merely alleges that Crews is "responsible for the putting all these Defendants in the positions that they are in to do the things that they have done." (R. 3 at 9). But a supervisory official "cannot be held liable for the constitutional violations of subordinates under a theory of *respondeat superior*, meaning that she 'cannot be held liable simply because ... she was charged with overseeing' subordinate officers who violated the plaintiff's constitutional rights." *Venema v. West*, 133 F.4th 625, 633 (6th Cir. 2025) (quoting *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016)).

3

With respect to Stanfill's claims against Warden Caudill, Stanfill merely alleges that he believes Caudill approved of his transfer to KSP, which other defendants unlawfully orchestrated. However, he does not allege any facts suggesting that Caudill participated in a retaliatory plan or that she otherwise violated his constitutional rights. To avoid dismissal, allegations must rise above speculation or mere suspicion. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, Caudill cannot be held liable for jail employees' actions simply because she is the Warden. *See Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012).

Next, Stanfill alleges that Dickson did not send his appeal to Commissioner Crews in accordance with 501 K.A.R. 6:020 § 14.6, thus thwarting his ability to complete the administrative remedy process. However, prisoners do not have a constitutional right to an effective prison grievance procedure. *Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002). In addition, Stanfill's suggestion that Dickson failed to process the appeal so that Stanfill would be moved to another facility is based on mere speculation.

Stanfill also fails to allege sufficient facts to state a cognizable claim against Defendant Knoth. Stanfill contends that Knoth failed to provide him with a certified tracking receipt after deducting $10.99 from his account to cover the cost of sending a copy of Stanfill's appeal to Commissioner Crews. Assuming this allegation is true, Knoth did not violate Stanfill's constitutional rights by failing to provide him with proof that his appeal had been sent to Crews.

Stanfill also alleges that Knoth interfered with his receipt of and stole "8 months of TV Weekly's [sic]." (R. 3 at 8). While Stanfill does not identify any particular legal theory with respect to this allegation, "[a] plaintiff does not allege a viable due process claim based on either the negligent deprivation of personal property, . . . or the intentional but unauthorized deprivation

4

of property, . . . unless state court remedies are inadequate to address the wrong." *Borell v. Dean*, No. 5:18-cv-525-GFVT, 2018 WL 6182057, at *3 (E.D. Ky. Nov. 27, 2018) (internal citations omitted). To assert such a claim, the plaintiff must both plead and prove that state remedies for redressing the wrong are inadequate. *See Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). Here, Stanfill has failed to clearly allege that available state remedies are inadequate to redress his claimed property deprivation. Accordingly, his loss of property claim against Knoth will be dismissed.

Finally, Stanfill does not allege facts that state a viable claim against Defendant Lambert. While Stanfill's allegations against Lambert are difficult to follow, he appears to allege that, when Knoth could not produce a certified tracking receipt, Lambert "posted a copy" of his appeal and told him that his grievance had been rejected. But as previously explained, inmates do not have a constitutional right to participate in the administrative remedy process. *See Ali v. Morgan*, No. 09-CV-39-KKC, 2009 WL 872896 (E.D. Ky. Mar. 27, 2009) (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)). Additionally, Stanfill's allegation that Lambert "is a close friend" of Dillard is insufficient to state a viable claim that Lambert joined a conspiracy.

That being said, Defendants Coleman, Henriksen, Dillard, and Mankin will be required to respond to Stanfill's complaint. Since Stanfill is a prisoner who is permitted to proceed *in forma pauperis*, the Clerk's Office and the United States Marshals Service ("USMS") will assist him in serving these defendants with a summons and copy of the complaint.

Accordingly, it is **ORDERED** as follows:

1. Stanfill's motion "to hold § 1983 filing in abeyance" (**R. 1**) is **DENIED**.

2. Stanfill's motion for leave to proceed *in forma pauperis* (**R. 4**) is **GRANTED**. The $55.00 administrative fee is **WAIVED**. However, Section 1915(b)(1) requires a prisoner-plaintiff to pay the $350.00 filing fee for a civil action as set forth below:

   a. Within **30 days** from the date of this Order, Stanfill must pay **$53.98** to the Clerk of the Court as an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1)(B).

   b. The Clerk of the Court shall open an account in Stanfill's name for receipt of the filing fee. The Clerk shall complete a Notice of Payment Form (EDKY 525) with (i) Stanfill's name; (ii) his inmate registration number; and (iii) this case number. The Clerk shall serve a copy of this Order and the Notice of Payment Form upon the Jailer/Warden of the institution in which Stanfill is currently confined.

   c. Each month Stanfill's custodian shall send the Clerk of the Court a payment in an amount equal for 20% of his income for the preceding month out of his inmate account, but only if the amount in the account exceeds $10.00. The custodian shall continue such payments until the entire $350.00 filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

3. A Deputy Clerk shall prepare four (4) Service Packets for service upon defendants Christina Coleman, Jann Henriksen, Sara Dillard, and Tonya Mankin. Each Service Packet shall include:

   a. a completed summons form;

   b. the complaint (R. 3);

   c. this Order; and

   d. a completed USM Form 285.

4. The Deputy Clerk shall send the Service Packets to the USMS and note the date of delivery on the docket.

5. The USMS shall personally serve Defendants Coleman, Henriksen, Dillard, and Mankin with a Service Packet at the Northpoint Training Center through arrangement with appropriate officials at that institution.

6. Upon completion of service, the defendants must respond to Stanfill's complaint in accordance with Rule 12 of the Federal Rules of Civil Procedure.

7. Stanfill must immediately advise the Clerk's Office, in writing, of any change in his mailing address. The Court will dismiss Stanfill's complaint if he fails to do so.

8. At this point, the next step in the litigation is for the defendants to respond to Stanfill's complaint. Thus, Stanfill need not file any additional submissions at this time.

This 2nd day of October, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY